IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GEORGE BRAY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:09cv372-WKW |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence filed by federal inmate George Bray ("Bray").

**I.   BACKGROUND**

On January 28, 2008, Bray pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) , and possession of marijuana, in violation of 21 U.S.C. § 844(a).  On April 29, 2008, the district court sentenced Bray pursuant to the Armed Career Criminal Act ("ACCA")[1] to 15 years in prison for the firearm-possession conviction and to

---

[1] The ACCA imposes a mandatory minimum sentence of fifteen years if a defendant convicted under 18 U.S.C. § 922(g) has "three previous convictions ... for a violent felony or a serious drug offense, or both, committed on occasions different from one another...." *See* 18 U.S.C. § 924(e)(1). A defendant who is sentenced under the ACCA is also an "armed career criminal" under the Sentencing Guidelines, which affects the defendant's offense level and criminal history category. *See* U.S.S.G. §§ 4B1.4(a)-(c). An armed career criminal's offense level is the greatest of (1) the otherwise applicable offense level; (2) the offense level under U.S.S.G. § 4B1.1 (the career offender provision), if applicable; (3) 34, if the defendant, among other things, used or possessed the firearm in connection with a qualifying offense; or (4) otherwise, 33. *See* U.S.S.G. § 4B1.4(b). An armed career criminal's criminal history category is the greatest of (1) the otherwise applicable criminal history category or the criminal history category from § 4B1.1 (the career offender provision), if
(continued...)

three years in prison for the marijuana-possession conviction, with the sentences to run concurrently. Bray did not file a direct appeal.

On April 20, 2009, Bray filed this motion under 28 U.S.C. § 2255, asserting the following claims:

1. The drug amounts used to calculate the offense level for his marijuana-possession conviction were inaccurate and unsupported by the facts.

2. The calculation of the base offense level for his firearm-possession conviction was erroneous because he was not previously convicted of at least two felony controlled substance offenses.

3. His guilty plea was not knowing and voluntary.

4. He was improperly sentenced as an armed career criminal under 18 U.S.C. § 924(e)(1).

5. His counsel rendered ineffective assistance in the following ways:

    a. Counsel failed to argue that he was not subject to being sentenced as an armed career criminal under 18 U.S.C. § 924(e)(1).

    b. Counsel failed to seek a "diminished capacity" downward sentencing departure pursuant to U.S.S.G. § 5K2.0.

(*Doc. No. 1.*)

The government answers that Bray's claims are either procedurally barred or without

---

[1](...continued)
applicable; (2) VI, if the defendant, among other things, used or possessed the firearm in connection with a qualifying offense; or (3) IV. *See* U.S.S.G. § 4B1.4(c).

merit and that, therefore, they afford Bray no basis for relief. (*Doc. Nos. 9 and 24.*) Bray was allowed an opportunity to reply to the government's answer and has done so. *(Doc. Nos. 15 and 28.)* After due consideration of Bray's § 2255 motion, the supporting and opposing submissions, and the record in this case, the court concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, the § 2255 motion should be denied.

## II. DISCUSSION

### A. General Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to 28 U.S.C. § 2255 are extremely limited. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). "[A] non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, unless the error (1) could

3

not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice." *Lynn*, 365 F.3d at 1232-33 (citations omitted); *Hill v. United States*, 368 U.S. 424, 428 (1962) (error of law does not provide basis for collateral attack unless claimed error constituted a "fundamental defect which inherently results in a complete miscarriage of justice."). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent."

**B.    Substantive Claims Not Raised on Appeal**

As previously noted, Bray asserts the following substantive claims in his § 2255 motion:

1. The drug amounts used to calculate the offense level for his marijuana-possession conviction were inaccurate and unsupported by the facts.

2. The calculation of the base offense level for his firearm-possession conviction was erroneous because he was not previously convicted of at least two felony controlled substance offenses.

3. His guilty plea was not knowing and voluntary.

4. He was improperly sentenced as an armed career criminal under 18 U.S.C. § 924(e)(1).

Because no appeal was taken in Bray's case, none of the above-listed substantive claims was advanced on direct appeal. Ordinarily, if an available claim is not advanced on

direct appeal, it is deemed procedurally barred in a § 2255 proceeding. *See Mills v. United States*, 36 F.3d 1052, 1055-56 (11th Cir. 1994); *Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989). However, a petitioner can obtain review of an otherwise procedurally barred § 2255 claim by showing both cause for the failure to raise the claim on appeal and actual prejudice arising from that failure. *See United States v. Frady*, 456 U.S. 152, 167-68; *Mills*, 36 F.3d at 1055.

With respect to the first three of his above-listed substantive claims, Bray makes no attempt to demonstrate cause for his failure to raise the claims on appeal. Thus, the claims are procedurally defaulted. *See Frady*, 456 U.S. at 167-68; *Mills*, 36 F.3d at 1055. Notwithstanding the procedural default, this court could still reach the merits of these claims if Bray established that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). However, Bray does not assert that he is actually innocent of the firearm-possession or marijuana-possession crimes for which he was convicted or that the "actual innocence" exception to the cause and prejudice requirement applies to his defaulted claims. Consequently, this court will not review Bray's defaulted claims.[2]

---

[2] Even if this court were to review Bray's three defaulted substantive claims, the claims would not entitle to him to any relief, as each is without merit. While Bray complains of the Guidelines calculations of his offense levels for the marijuana-possession and firearm-possession charges, as set forth in his presentence report, his status as an armed career criminal under 18 U.S.C. § 924(e) ultimately controlled the offense level that applied to his case. An error in the calculation of the offense levels in the presentence report – and Bray wholly fails to demonstrate any such error – would be harmless in light of the determination that Bray was an armed career criminal who was
(continued...)

Bray's fourth substantive claim – that he was improperly sentenced as an armed career criminal under 18 U.S.C. § 924(e)(1) – underlies one of his allegations of ineffective assistance of counsel, i.e., that his counsel was ineffective for failing to argue that he was not subject to being sentenced as an armed career criminal.[3] Consequently, this court will review the merits of this substantive claim in the context of Bray's related allegation of ineffective assistance of counsel.

## C. Ineffective Assistance of Counsel Claims

A claim of ineffective assistance of counsel is governed by the standards of *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*'s two-part test, a petitioner must demonstrate (1) that "counsel's representation fell below an objective standard of reasonableness" and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 668 and 694; *see Darden v. Wainwright*, 477 U.S. 168, 184 (1986); *Chandler v. United States*, 218

---

[2](...continued)
subject to a mandatory minimum sentence of 15 years in prison. *See* 18 U.S.C. § 924(e). As for Bray's claim that his guilty plea was not knowing and voluntary, Bray presents no facts or law to substantiate this claim. Further, a review of the transcript of the change of plea hearing *(Doc. No. 9/Exhibit C)* fails to reveal evidence that Bray's plea was anything other than knowingly and voluntarily entered.

[3]Ineffective assistance of counsel may satisfy the "cause" exception to a procedural bar of a substantive claim if the claim of ineffective assistance is meritorious. *See Greene*, 880 F.2d at 1305. To determine whether a claim of ineffective assistance of counsel is meritorious, a court must decide whether counsel's failure to assert the underlying substantive claim could have affected the outcome of the proceeding. *See United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000). Counsel is not ineffective for failing to raise a meritless claim. *Id*. Because this court concludes, as discussed more fully below, that Bray's claims in this regard lack merit, Bray has failed to demonstrate cause for his procedural default.

F.3d 1305, 1312-13 (11th Cir. 2000).

Under the performance component of the *Strickland* inquiry, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688. In other words, criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance. *Roe v. Flores-Ortega*, 528 U.S. 470, 476 (2000) (quoting *Strickland*, 466 U.S. at 687). In any ineffective assistance analysis, scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable. *Chandler*, 218 F.3d at 1314; *see Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994). Review of an ineffective assistance of counsel claim is conducted from the perspective of defense counsel based on facts "as they were known to counsel at the time of the representation." *United States v. Teague*, 953 F.2d 1525, 1535 (11th Cir. 1992). The court will "avoid second-guessing counsel's performance: It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id*. (internal quotation marks and brackets omitted). Thus, "[g]iven the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." *Id*.

As noted above, under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The

prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id*. at 372.

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *See Strickland*, 466 U.S. at 687. Accordingly, once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id*. at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998) ("if a defendant cannot satisfy the prejudice prong, the court need not address the performance prong").

### *1.  Failure to Argue That Bray Was Not Subject to Being Sentenced as an Armed Career Criminal*

Bray asserts that his counsel rendered ineffective assistance by failing to argue that he was not subject to being sentenced as an armed career criminal under 18 U.S.C. § 924(e)(1). (*Doc. No. 1 at pp. 5-6; see also Doc. No. 1 at pp. 3-5; Doc. No. 15 at pp. 2-3; Doc. No. 28.*) Bray specifically contends that his counsel should have – but failed to – argue that (1) his four prior Pike County, Alabama, controlled substance convictions did not qualify

as "serious drug offenses" for purposes of 18 U.S.C. § 924(e)(1) and the ACCA, because they were misdemeanor marijuana convictions; and (2) the four Pike County convictions should not have been treated as separate convictions for purposes of § 924(e)(1) and the ACCA, but rather as a single conviction. (*Id.*)

> a. Qualification of Pike County Convictions as "Serious Drug Offenses" for Purposes of § 924(e)(1) and the ACCA

Bray's contention that the four Pike County convictions on which application of the ACCA was predicated in his case were misdemeanor marijuana convictions is flatly contradicted by the record, which reflects that each of the convictions was for the Class B felony offense of unlawful distribution of a controlled substance, in violation of § 13A-12-211, Ala. Code 1975, which carries a maximum prison term of 20 years.[4] *See* § 13A-12-211(b), Ala. Code 1975; § 13A-5-6(a)(2), Ala. Code 1975. (*Doc. No. 22/Exhibit D at pp. 6-18; Presentence Investigation Report at p. 9, ¶ 38.*) Section 924(e)(2)(ii) provides that, for purposes of the ACCA, the term "serious drug offense" means "an offense under State law, involving ... distributing ... a controlled substance ..., for which a maximum term of imprisonment of ten years or more is prescribed by law." Therefore, Bray's counsel was not ineffective for failing to argue that his four Pike County convictions were for misdemeanor offenses that did not qualify for purposes of § 924(e)(1) and the ACCA. *See Chandler v.*

---

[4]Because each of the Pike County sales for which Bray was convicted took place within a three-mile radius of a public housing project, Bray was also subject to a mandatory additional prison term of five years for each conviction. *See* § 13A-12-270, Ala. Code 1975.

*Moore*, 240 F.3d 907, 917 (11th Cir. 2001) (counsel is not ineffective for failing to raise a meritless issue); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (same).

        b.    <u>Treatment of Pike County Convictions as Separate Convictions</u>

           (1)    *Amendment 709*

Bray contends that his counsel was ineffective because she failed to bring to the district court's attention Amendment 709, which modified U.S.S.G. § 4A1.2(a)(2) and was in effect at the time of Bray's sentencing. According to Bray, the effect of Amendment 709 was to alter the procedure for counting multiple prior convictions, so that, under § 4A1.2(a)(2), multiple convictions with sentences imposed on the same date are always to be counted as a single conviction for purposes of the ACCA. *See* U.S.S.G. § 4A1.2(a)(2); *U.S.S.G. Guidelines Manual, Supplement to Appendix C,* Amendment 709 (effective Nov. 1, 2007). Bray contends that his counsel should have argued that, under Amendment 709, his four Pike County convictions should have been treated as a single conviction, which, if correct, would have meant that Bray did not qualify as an armed career criminal.

Amendment 709 and § 4A1.2(a)(2) pertain to the computation of a defendant's criminal history category under the Sentencing Guidelines and explain how courts should "count[ ] multiple prior sentences in determining a defendant's criminal history score." *See U.S.S.G. Guidelines Manual, Supplement to Appendix C,* Amendment 709, "Reason for Amendment." Bray's argument notwithstanding, The Sentencing Guidelines do not control for the purpose of determining armed career criminal status; the ACCA does. Under the

10

ACCA, the sentencing court considers not whether sentencing for prior convictions occurred on the same date, but rather whether the offenses were "committed on occasions different from one another." 18 U.S.C. § 924(e)(1); *see United States v. Murphy*, Nos. 3:05cr30/MCR, 3:05 cv247/MCR/MD, 2009 WL 2524684 *3-4 (N.D.Fla. Apr. 7, 2009). A defendant's status as an armed career criminal, under the statute (§ 924(e)), effectively trumps the normal method for determining his criminal history category (and his total offense level) under the Sentencing Guidelines. *See Willis v. United States*, No. 08cv16783JMR/AJB, 2009 WL 1744567 *6 (D.Minn. Jun. 19, 2009). Once a defendant is determined to be an armed career criminal under § 924(e), his criminal history category and total offense level are dictated by U.S.S.G. § 4B1.4, regardless of how his prior convictions and sentences might otherwise be treated under the Sentencing Guidelines. *Id*. Nothing in Amendment 709 changed the *statutory* definition of the term "armed career criminal." Therefore, because Bray was determined to be an armed career criminal under § 924(e), Amendment 709 had no effect on his sentence. His counsel was not ineffective for failing to raise this meritless issue. *Chandler*, 240 F.3d at 917; *Winfield*, 960 F.2d at 974.

>  (2) The Eleventh Circuit's Decision in Sneed

Bray also argues that his counsel was ineffective for failing to challenge the district court's determination that his Pike County convictions constituted four separate convictions for the purpose of applying the ACCA because, he says, the court improperly considered matters outside of the Pike County charging documents – and outside of other court records

11

from the Pike County cases – to determine that the convictions qualified as separate predicate convictions for the ACCA. Bray specifically contends that the court, in determining that he had four prior qualifying convictions, improperly relied on representations made by the probation officer in his presentence investigation report ("PSI") that the Pike County convictions stemmed from Bray's commission of four separate drug sales, on four separate dates, between October 18, 2001, and March 29, 2002. (*See PSI at p. 9, ¶ 38.*) Bray first presented this argument in his reply to the government's supplemental answer. (*See Doc. No. 28.*) This court directed the government to file the supplemental answer in response to a supplemental affidavit filed by Bray's former counsel, in which counsel stated that, in light of an Eleventh Circuit Court of Appeals' decision, entered on March 24, 2010, in *United States v. Sneed*, 600 F.3d 1326 (11th Cir. 2010), she believed she rendered ineffective assistance of counsel during Bray's sentencing by failing to object to the factual assertions in the PSI concerning Bray's Pike County convictions – and by failing to argue that the court, in determining whether the prior convictions were separate, could not consider matters outside of the Pike County charging documents or other court records from the Pike County cases. (*See Doc. Nos. 21-24.*) Bray's former counsel – and now Bray – asserted that, although four separate indictments were returned in Bray's Pike County cases, the indictments in those cases did not reflect the specific dates of any of the drug sales upon which they were based.[5]

---

[5] In her initial affidavit, filed with this court prior to the *Sneed* decision, Bray's former counsel averred that she did not object to use of Bray's Pike County cases as four separate convictions for purposes of the ACCA because she believed the convictions arose from separate, temporally distinct
(continued...)

Because the indictments were "silent" as to whether the offenses were committed on occasions different from one another, because Bray was arrested for all four offenses on the same date, and because the four cases were consolidated for sentencing on the same date, Bray, taking his cue from his former counsel's supplemental affidavit, argues that his counsel should have challenged any finding (in his PSI or by the district court) that the Pike County cases qualified as separate convictions for purposes of the ACCA. (*See Doc. No. 28.*)

At the time of Bray's April 29, 2008, sentencing hearing, Eleventh Circuit precedent, as set forth in *United States v. Richardson*, 230 F.3d 1297 (11th Cir. 2000), provided that sentencing courts could consult all of the documents associated with a potential predicate conviction to determine if the ACCA's § 924(e) enhancement applied. However, some twenty-three months after Bray's sentencing, the Eleventh Circuit, in *Sneed* (the decision cited by Bray's former counsel in her supplemental affidavit), overruled *Richardson* and held that only records of the sort approved by the United States Supreme Court in *Shepard v. United States*, 544 U.S. 13 (2005), may be consulted by courts in determining whether a prior conviction is a qualifying conviction for purposes of the ACCA. *See Sneed*, 600 F.3d at 1327-33. In *Shepard*, the Supreme Court held that, in determining whether a prior conviction was a "violent felony" for purposes of § 924(e) and the ACCA, courts could only examine

---

$^5$(...continued)
criminal episodes. (*Doc. No. 5 at pp. 1-2.*) In his § 2255 motion, Bray himself appears to acknowledge that the crimes underlying the four Pike County convictions occurred on separate dates ("Careful examination of these convictions will show that the four qualifying crimes occurred within a six month period...."). (*Doc. No. 1 at p. 4.*) Nowhere has Bray contended that any of the drug sales upon which his four Pike County convictions were based occurred on the same date.

13

the charging document from the prior conviction, the terms of the plea agreement, the transcript of a plea colloquy in which the factual basis of the plea was confirmed, or some comparable judicial record of this information. 544 U.S. at 23-26. In *Sneed*, the Eleventh Circuit, in overruling *Richardson*, held that only *Shepard*-approved sources could be consulted to determine whether a defendant's prior convictions were "committed on occasions different from one another" for the purpose of § 924(e), just as only *Shepard*-approved sources could be consulted to determine whether a prior conviction was a "violent felony" for the purpose of § 924(e).[6] *See Sneed*, 600 F.3d at at 1332-33.

When Bray was sentenced, *Richardson* was controlling precedent in this circuit, and *Richardson* provided that courts could consult *all* of the documents associated with a prior conviction to determine if that conviction was a qualifying conviction under the ACCA. *Sneed* had not been decided, and courts in this circuit were not restricted to considering only *Shepard*-approved sources to determine whether prior convictions were committed on different occasions for the purpose of § 924(e) and applying the ACCA. "In this circuit, we have a wall of binding precedent that shuts out any contention that an attorney's failure to anticipate a change in the law constitutes ineffective assistance of counsel." *United States v. Ardley*, 273 F.3d 991, 993 (11th Cir. 2001). The Eleventh Circuit has held that reasonably effective representation does not include a requirement to make arguments based on predictions of how the law might develop. *See Spaziano v. Singletary*, 36 F.3d 1028,1039

---

[6]*Shepard* involved the "violent felony" phrase in § 924(e) and did not address the different occasions phrase in the statute.

(11th Cir. 1994). Moreover, even if a claim based upon an anticipated change in the law is reasonably available at the time counsel failed to raise it, such failure does not constitute ineffective assistance. *See Pitts v. Cook*, 923 F.2d 1568, 1573-74 (11th Cir. 1991). In light of these principles, the government argues, correctly, that "because *Sneed* was not decided until well after Bray's sentencing and, therefore, the issues raised and decided therein, which were in direct opposition to established circuit case law, could not have been known to [Bray's counsel], [counsel] was not ineffective in her representation of Bray and his claim should be denied and dismissed as without merit." (*Doc. No. 24 at p. 3.*) For this reason, and for the reasons previously set forth, Bray is not entitled to relief based on his claim that his counsel rendered ineffective assistance by failing to argue that he was not subject to being sentenced as an armed career criminal under § 924(e)(1).

### 2.  *Failure to Seek "Diminished Capacity" Downward Departure*

Bray also contends that his counsel was ineffective for failing to seek a downward sentencing departure under U.S.S.G. § 5K2.0[7] premised on his allegedly diminished mental capacity. (*Doc. No. 1 at pp. 9-10.*)

To be eligible for a downward departure based on reduced mental capacity, a defendant must demonstrate that "(1) the defendant committed the offense while suffering

---

[7] U.S.S.G. § 5K2.0 provides in pertinent part: "[T]he sentencing court may impose a sentence outside the range established by the applicable guideline, if the court finds 'that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.'"

from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense." U.S.S.G. § 5K2.13; *see United States v. Ruff*, 998 F.Supp. 1351, 1361 (M.D. Ala. 1998). The link between the diminished mental capacity and commission of the offense must be demonstrated; "it cannot be assumed." *Ruff*, 998 F.Supp at 1361 (quoting *United States v. Frazier*, 979 F.2d 1227, 1230 (7th Cir. 1992)). A "departure is warranted if the defendant's reduced mental capacity prevents the defendant from appreciating the wrongfulness of the offense, or if the defendant understands the wrongfulness of the act, but the reduced mental capacity renders the defendant unable to control the offensive conduct." *Ruff*, 998 F.Supp. at 1361.

Bray does not present any facts indicating that he suffered from a mental impairment that prevented him from appreciating the wrongfulness of his conduct or rendered him unable to control his behavior at the time he committed the offense. Thus, there is no evidence that a downward departure based on reduced mental capacity was warranted in Bray's case. Moreover, the statutes under which Bray was convicted and sentenced provided for a mandatory minimum sentence of 15 years, and Bray was sentenced to the mandatory statutory minimum. *See* 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Although there are limited circumstances under which a district court may impose a sentence under the statutory minimum – e.g., where the government files a U.S.S.G. § 5K1.1 motion for substantial assistance, *see United States v. Smith*, 39 F.3d 1143, 1146 (11th Cir. 1994) – Bray points to no extraordinary circumstances or authority for a departure below the statutory minimum in

16

his case. *See United States v. Reynolds*, 215 F.3d 1210, 1215 (11th Cir. 2000). Bray has failed to demonstrate that his counsel's failure to pursue a downward departure on the basis asserted by Bray fell below an objective standard of reasonableness, or that Bray was prejudiced by counsel's performance. *See Strickland*, 466 U.S. at 687-89. Therefore, Bray not entitled to any relief based on this claim of ineffective assistance of counsel.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Bray be denied, because the claims therein entitle him to no relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before August 23, 2011.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 9th day of August, 2011.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE