IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GEORGE BRAY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 2:09-CV-372-WKW |
| ) | [WO] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

On August 9, 2011, the Magistrate Judge filed a recommendation that this case be dismissed because Petitioner Bray's 28 U.S.C. § 2255 claims do not entitle him to relief. (Doc. # 29.) Bray objected to the recommendation. (Doc. # 32.) The portions of the recommendation to which a party objects are reviewed *de novo*. 28 U.S.C. § 636(b)(1).

A *de novo* review of the record and law confirms that the recommendation (Doc. # 29) is due to be adopted and the objections overruled. The objections to the recommendation are largely cumulative of arguments made previously by Bray in support of his motion. Bray has made three objections to the report: (1) that the recommendation did not address his claim that counsel was ineffective for failing to appeal his sentence despite being requested to do so, (2) that Bray's counsel was ineffective for not objecting to the police reports used to establish the predicate dates

of offenses that qualified him as an armed career criminal, because *Shepard v. United States*, 544 U.S. 13 (2005) prohibited the use of those police reports before the Eleventh Circuit decided *United States v. Sneed*, 600 F.3d 1326 (11th Cir. 2010), and (3) that Bray's *Sneed* claim is not procedurally barred. Bray did not object to the Magistrate Judge's findings that most of his § 2255 claims are procedurally defaulted due to a lack of contemporaneous objection and appeal. (*See* Doc. # 29 at 4-5.)

Bray's first objection, that his counsel was ineffective for not appealing his claims after his sentencing despite being requested to do so, is procedurally barred. Bray never made that claim in his initial § 2255 motion. The closest Bray came to alleging that claim was to state "counsel's failure to present the consolidation of the prior offenses on direct appeal, puts the Petitioner at a greater risk of harm . . . ." (Doc. # 1 at 6.) This is not the same as an allegation that Bray actively requested that claims or issues be appealed, and counsel failed to follow his directions and make the appeal. The failure he alleged in his § 2255 motion is that counsel was not aware she could make the argument at all, and not that she was told to raise the argument on appeal and failed to follow Bray's directions. In the objections, Bray states that this claim was "inartfully alleged." (Doc. # 32 at 5.) In truth, it was not alleged at all. Bray has pleaded no facts to support his argument that counsel failed to follow

2

instructions to appeal claims. This claim is procedurally defaulted, and is also without merit. Bray's first objection is due to be overruled.

Bray's second objection is that Bray's counsel was ineffective for not objecting to the use of police reports to establish the predicate dates of offenses that qualified him as an armed career criminal. Bray's objection turns first on whether the practice of using police reports was already prohibited by *Shepard*. Bray argues that *Shepard* prohibited the use of those police reports before the Eleventh Circuit decided *Sneed*, which expressly prohibited reliance on police reports to establish offense dates for ACCA determinations. Bray's Presentence report used information from the National Crime Information Center, which showed that the offenses in question occurred on four different dates, and were separate qualifying offenses for armed career criminal status. (Doc. # 13, attach. 1 ¶¶ 6, 38.) Three months after Bray's sentencing, the Eleventh Circuit decided *Sneed*. *Sneed* held that *United States v. Richardson,* 230 F.3d 1297 (11th Cir. 2000), which allowed predicate offenses under the ACCA to be established from non-judicial records such as police reports, had been abrogated to the point where reliance on police reports was no longer permissible to determine the occasion of offenses for ACCA determinations. 600 F.3d at 1332.

Nowhere in *Sneed* did the Eleventh Circuit state that *Shepard* had already made the practice of using police documents impermissible. *Sneed* also did not fully

overrule *Richardson*, nor did the court state that *Shepard* had directly overruled *Richardson*. The holding of *Sneed* reflected a conscious and deliberate decision by the Eleventh Circuit to move the circuit's law into a position that was not in tension with the *Shepard* decision. This does not suggest that the use of police reports to establish dates of offense had been directly overruled by *Shepard*. Therefore, the use of the police reports was still permissible at the time of Bray's sentencing, because while *Shepard* had undermined police report usage to prove timing offenses, it did not clearly prohibit the practice.

Since *Sneed* was decided after his sentencing, Bray cannot establish a *Strickland* claim.[1] Bray's counsel's performance did not fall beneath the objective standard of reasonableness for not pursuing the claim, since it was not a meritorious objection at the time of Bray's sentencing. As the Magistrate Judge noted in the recommendation, this circuit does not require a lawyer to anticipate changes in the law in order to be effective as counsel. *(See* Doc. # 29, at 14 (citing *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994)).) Bray relies on his counsel's affidavit, wherein she claims that she was ineffective.[2] Counsel's affidavit that she

---

[1] A claim of ineffective assistance of counsel is governed by the standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).

[2] The Court knows Bray's counsel to be very competent in the practice of law. Counsel's affidavit does not support a finding of incompetency, since it thoroughly details the thought process behind the decision not to object to the use of the police reports to determine offense

was, in her own opinion, ineffective is not due substantial weight since the court must decide if the conduct was so deficient that it was ineffective. *See Atkins v. Singletary*, 965 F.2d 952, 960 (11th Cir. 1992). At the time of Bray's sentencing, *Richardson* had not been overruled. Therefore, the failure to object to the then permissible practice of using the police reports to establish offense dates was not deficient. Since the independent inquiry into counsel's performance does not show her to be ineffective, her affidavit is not controlling.

Even if Bray's counsel really was ineffective, he would still need to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the pleading would have been different." *Strickland*, 466 U.S. at 694. The burden would have been on the government to prove that his offenses occurred on separate dates. However, Bray never argues that the government would have been unable to prove the dates of the offense through appropriate documentation or evidence, nor does he argue that the offenses for which he was sentenced occurred on the same date or as part of the same specific violation. Therefore, even if counsel's performance was ineffective, Bray cannot establish a

---

dates. The affidavit reflects both an attention to detail as well as an understanding of the applicable law at the time of the sentencing. The affidavit reveals that counsel believed the offenses were committed on separate occasions, and did not believe there was a basis for objecting to the use of the police reports to establish the dates. As the forgoing discussion demonstrates, that was the state of the law in the Eleventh Circuit at the time of Bray's sentencing. Hindsight alone is not grounds for finding that counsel was ineffective.

reasonable probability that the outcome would have been different, since he has not shown that the information was unavailable except from an impermissible source. For all these reasons, Bray's second objection is due to be overruled.

Bray's final objection to the recommendation is also procedurally barred. Bray can only overcome his procedural default by demonstrating cause and prejudice from the default, and without being able to show that his counsel was ineffective in her representation, Bray cannot establish cause for the procedural default. Therefore, this objection is due to be overruled.

Accordingly, it is ORDERED that:

(1) Bray's objections (Doc. # 32) are OVERRULED; and

(2) The recommendation (Doc. # 29) that Bray's 28 U.S.C. § 2255 motion be DENIED, because the claims therein entitle him to no relief, is ADOPTED, and the case is DISMISSED.

DONE this 14th day of October, 2011.

                                        /s/ W. Keith Watkins  
                              CHIEF UNITED STATES DISTRICT JUDGE